**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DANIEL SCHNEIDER,

Plaintiff,

Case No. 14-12127

v.

HONORABLE DENISE PAGE HOOD

LIBERTY MUTUAL INSURANCE COMPANY,

Defendant.
_______________________________________/

**ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE REMANDED TO STATE COURT FOR FAILURE TO COMPLY WITH REMOVAL REQUIREMENTS PURSUANT TO 28 U.S.C. § 1332(A) AND LR 81.1 AND NOTICE SETTING SCHEDULING CONFERENCE**

## I. BACKGROUND/FACTS

On Defendant Liberty Mutual Insurance Company filed a Notice of Removal based on the Court's diversity subject matter jurisdiction under 28 U.S.C. § 1332 on Plaintiff Daniel Schneider's Complaint filed before the Genesee County Circuit Court, State of Michigan. (Doc. No. 1) The Complaint alleges the following claims: No-Fault Personal Insurance Protection ("PIP") Benefits (Count I); Fraudulent Misrepresentation (Count II); and, Detrimental Reliance/Promissory Estoppel (Count

III). The claims stem from a September 27, 2013 automobile accident where Schneider's vehicle was struck by another vehicle. (Comp., ¶ 5) Schneider alleges he incurred reasonable and necessary expenses as a result of the accident. (Comp., ¶ 7) Schneider claims Liberty Mutual has failed to pay the no-fault benefits under the Michigan No-Fault Act, M.C.L. § 500.310 *et seq.* (Comp., ¶ 9) Schneider asserts the amount in controversy exceeds $25,000, exclusive of costs, interest and attorney fees. (Comp., ¶ 3)

This matter is before the Court on Schneider's Motion for Defendant to Show Cause Why This Matter Should Not Be Remanded to State Court For Failure to Comply With Removal Requirements Pursuant to 28 U.S.C. § 1332(a) and E.D. Mich. LR 81.1. A response and reply have been filed and a hearing held on the matter.

## II. ANALYSIS

Schneider claims that Liberty Mutual failed to establish in its Notice of Removal by a preponderance of the evidence that the amount of controversy exceeds $75,000 as required by 28 U.S.C. § 1332 and E.D. Mich. LR 81.1. Liberty Mutual responds that it has shown in its removal papers and the Complaint that Schneider may recover "more likely than not" more than the jurisdictional amount. Liberty Mutual claims it does not need to prove the amount in controversy at this stage, but only carry a relatively light burden of showing such. Liberty Mutual asserts the law

does not require it to research, state and prove that the claimed damages meet the jurisdictional amount at this stage of the proceedings. Liberty Mutual further asserts that Schneider does not affirm, although he seeks remand, that his damages do not meet the more than $75,000 amount in controversy requirement.

Schneider replies that he did not *move* to remand the matter, but only moved for the Court to issue an order to show cause why the matter should not be remanded for failure to allege facts to meet the more than $75,000 amount in controversy requirement. The Court finds Schneider's argument interesting since the title of the motion seeks a response from Liberty Mutual, "Why This Matter Should Not Be *Remanded* to State Court." If the relief sought in Schneider's motion for an order to show cause was not to remand the matter, then why file the motion in the first instance? Perhaps Schneider filed a motion for an order to show cause, as opposed to a motion to remand the matter, in order to avoid setting forth his damages with specificity as required by Local Rule 81.1.

Federal courts are courts of limited subject-matter jurisdiction. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Diversity subject matter jurisdiction is established "where the matter in controversy exceeds the sum or value of $75,000" is between citizens of different States." 28 U.S.C. § 1332(a)(1). The facts showing the existence of jurisdiction must be

affirmatively alleged in the Complaint. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936); Fed. R. Civ. P. Rule 8(a)(1). "As a general rule, removability is determined by the pleadings filed by the plaintiff," and "all doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction." *Union Planters Nat'l Bank v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir. 1977) (emphasis added). If these facts are challenged, the burden is on the party claiming jurisdiction to demonstrate that the court has jurisdiction over the subject matter. *Thomson v. Gaskill*, 315 U.S. 442 (1942); *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999). In cases removed where the plaintiff seeks to recover some unspecified amount that is not self-evidently greater or lesser than the federal amount in controversy requirement, the defendant removing the matter has the burden of proving by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds the jurisdictional amount. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006); *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)(overruled on other grounds). Claims present when a suit is removed but subsequently dismissed from the case enter into the amount-in-controversy calculation. *Everett*, 460 F.3d at 822. Future potential benefits may not be taken into consideration in the computation of the amount in controversy in diversity actions in federal district courts involving disability insurance

where the controversy concerns merely the extent of the insurer's obligation and not the validity of the policy. *See Massachusetts Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 416-17 (6th Cir. 1996).

Schneider's Complaint as to his claim in Count I seeking No-Fault benefits, is vague as to the amount of damages he seeks, other than indicating he made an application to collect certain No-Fault PIP benefits and that he incurred reasonable and necessary expenses under the No-Fault Act. (Comp., ¶¶ 7, 9, 17) Liberty Mutual, in support of its argument that the amount in controversy is over the $75,000 threshold, submitted evidence of Schneider's alleged injuries. (Resp., Exs. 2, 3 and 4) Schneider is claiming multiple disc herniations throughout his spine and a torn rotator cuff which were caused by the accident. Schneider seeks benefits under the No-Fault Act which allows for payment of medical, rehabilitative care expenses, treatment and lost wages. Schneider has undergone treatment for these injuries with physical therapy and epidural injections. Schneider may also receive $20.00 per pay replacement service to a maximum of $21,900 under the policy. Schneider also claims wage loss and attendant care. Liberty Mutual asserts that under the No-Fault Act, attorney fees are allowed, which are included in the calculation of the amount in controversy. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007).

Schneider in his reply does not dispute he seeks these damages and does not

dispute that his damages may be over $75,000. Schneider does not affirmatively assert he is entitled to less than $75,000 in damages. He argues that because he did not "move" to remand the matter, he need not establish the amount of damages sought as required by Local Rule 81.1, but yet argues that the Liberty Mutual must so show.

The Court finds that based on the submissions by Liberty Mutual and the amount of injuries Schneider alleges, Liberty Mutual has met its burden of showing that Schneider's current claims more likely than not could amount to damages in excess of $75,000 as to his automobile no-fault claim.

In addition, Schneider alleges fraud in Count II and detrimental reliance/promissory estoppel in Count III. These open-ended tort claims are calculated in the amount-in-controversy. Even though Liberty Mutual disputes these claims, since these claims are currently before the Court and alleged in the Complaint, the damages Schneider may receive if successful in prosecuting these two claims, "more likely than not" establishes the more than $75,000 amount in controversy jurisdiction.

## III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion for Defendant to Show Cause Why This Matter Should Not Be Remanded to State Court For Failure to Comply With

Removal Requirements Pursuant to 28 U.S.C. § 1332(a) and E.D. Mich. LR 81.1 **(Doc. No. 6)** is DENIED.

IT IS FURTHER ORDERED that a Scheduling Conference in this matter is set for **April 21, 2015, 4:00 p.m.**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 27, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 27, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager